UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW S.,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

Case No: 23-11305

Honorable Nancy G. Edmunds
Magistrate Judge Curtis Ivy, Jr.

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S AUGUST 6, 2024 REPORT AND RECOMMENDATION [16]**

Plaintiff Matthew S. filed this action seeking review of the Commissioner of Social Security's decision denying his applications for disability insurance benefits and supplemental security income under the Social Security Act. (ECF No. 1.) The parties filed cross-motions for summary judgment. (ECF Nos. 12; 14.) The Court referred these motions to Magistrate Judge Curtis Ivy, Jr., who issued a report and recommendation to deny Plaintiff's motion and grant Defendant's. (ECF No. 16.) Plaintiff has filed one objection to the report. (ECF No. 17.) Defendant has filed a response to that objection. (ECF No. 18.) The court has conducted a *de novo* review of the portions of the Magistrate Judge's report and recommendation objected to and OVERRULES Plaintiff's objection. Thus, the Court ACCEPTS AND ADOPTS the report and recommendation. Accordingly, the Court DENIES Plaintiff's motion for summary judgment, GRANTS Defendant's motion for summary judgment, and AFFIRMS the decision of the Commissioner under 42 U.S.C. § 405(g).

I.   **Standard of Review**

  A.  *De Novo* **Review of Objections to Magistrate Judge' Report**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions."

  B.  **Substantial Evidence Standard**

This Court must affirm the Commissioner's decision if "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A decision by the Commissioner supported by substantial evidence will be affirmed "even if the reviewing court would decide the matter differently." *Id.* Further, the Court "does not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id.*

II.   **Analysis**

Plaintiff makes one objection to the Magistrate Judge's report and recommendation. (ECF No. 17.) To the extent Plaintiff repeats many of the same arguments he made before the Magistrate Judge, however, the Court notes it "is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's . . . recommendations, and such objections

undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of Soc. Sec.*, No. 12-47, 2013 WL 1304470 at *3 (W.D. Mich. Mar. 28, 2013).

Plaintiff objects to the portion of the Magistrate Judge's report and recommendation which finds the administrative law judge's ("ALJ") assessment of Plaintiff's residual functional capacity ("RFC") was supported by substantial evidence and complete according to the Social Security Administration's ("SSA") regulations. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)) ("a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits . . ."). More specifically Plaintiff challenges the completeness of the ALJ's mental RFC assessment for not addressing Plaintiff's "ability to respond appropriately to supervision and co-workers in work situations . . ." as required under Social Security Ruling ("SSR") 96-8p. (*See* ECF No. 17, PageID.2675.) Plaintiff also appears to challenge the Magistrate Judge's report and recommendation on the basis that the ALJ did not adequately explain why his RFC finding and determination of Plaintiff's ability to work did not adopt certain medical source opinions that evaluated Plaintiff's mental RFC. (ECF No. 17, PageID.2675-76.)

The Magistrate Judge found that the ALJ articulated facts and pointed to objective medical data that support his RFC assessment and the potential exclusion of some portions of medical source opinions provided by two State agency psychological consultants.[1] (*See* ECF No. 16, PageID.2662-63.) The Magistrate Judge noted numerous

---

[1] The Magistrate Judge noted some of the limitations found in the evaluations of the two State agency consultants that Plaintiff argues were improperly excluded from that ALJ's RFC assessment were only

3

references to Plaintiff's medical record, including notes from multiple health care providers, by the ALJ that support his RFC assessment and the work limitations he found for Plaintiff regarding mental activities. (ECF No. 16, PageID.2662-64.) The Magistrate Judge agreed with the ALJ that this medical evidence did not indicate some of the limitations suggested by the two State agency consultants in their RFC worksheet. *Id.* at 2664. Further, the ALJ's RFC assessment and work restriction findings do address Plaintiff's limitations in interacting with others and mental capacity in work situations insofar as the ALJ found such limitations to apply to Plaintiff. (*See* ECF No. 7, PageID.38-39.) The Magistrate Judge therefore found that substantial evidence supports the ALJ's RFC assessment, and some of the mental limitations in work situations suggested by medical opinions in the record were excluded in compliance with SSR 96-8p. The Court agrees.

Plaintiff also appears to argue the ALJ's assessment did not provide sufficient explanation for omitting the limitations suggested by Kyle Wood, MS, LLP's opinion. (*See* ECF Nos. 16, PageID.2665; 17, PageID.2676.) The Magistrate Judge found, however, that Plaintiff "mischaracterizes the ALJ's conclusion" with respect to the ALJ's treatment of Mr. Wood's opinion. (ECF No. 16, PageID.2666.) The Magistrate Judge found the ALJ based his finding that Plaintiff did not have the marked social limitations suggested by Mr. Wood's opinion in part on Plaintiff reporting a variety of activities and interests. *Id.* Plaintiff maintains this is an error based on the ALJ "misrepresent[ing]" Plaintiff's mention of

---

included in their mental RFC worksheets—which are documents that aid consultants in formulating their actual mental RFC assessments but do not constitute the assessment—and not all of these limitations were included in their actual mental RFC assessments. (ECF no. 16, PageID.2664.) Accordingly, the Court agrees with the Magistrate Judge that the ALJ was not obligated to include them in his RFC assessment on this basis as well.

4

activities such that Plaintiff actually engaged in all the activities he mentioned. (ECF No. 17, PageID.2676). The Court agrees with the Magistrate Judge that the ALJ based his assessment of Plaintiff's socialization limitations on activities and interests as reported in Plaintiff's medical record—not based on an assumption Plaintiff participated in all such activities. This and other medical evidence in the record provide substantial evidence to support the ALJ's treatment of Mr. Wood's opinion and assessment of Plaintiff's social limitations. Accordingly, Plaintiff's objection is overruled.

### III.   Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objection and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. Therefore, the Court DENIES Plaintiff's motion for summary judgment (ECF No. 12), GRANTS Defendant's motion for summary judgment (ECF No. 14), and AFFIRMS the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 25, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2024, by electronic and/or ordinary mail.

s/ Marlena Williams
Case Manager